Carroll,  }
Jan. 6, 1920. }

## ELLSWORTH H. ROLLINS *v.* STEPHEN BROCK.

## STEPHEN BROCK *v.* ELLSWORTH H. ROLLINS & *a.*

Where the plaintiff, a vendor of land under an oral agreement for a conveyance to the defendant and· a re-conveyance in mortgage, has an equitable lien thereon, the question whether the plaintiff's decree should be conditional or absolute is one not of law but of fact: on the defendant's disclaimer of any intention to redeem, the decree for the plaintiff should be absolute.

BILL IN EQUITY, for the specific performance of an oral agreement. This is the same case reported in 78 N. H. 456. After that opinion was handed down the defendant was permitted to file a cross-bill alleging that the agreement was procured by fraud. The court found for Rollins, and, upon Brock's disclaimer of an intention to redeem, ordered that his right be foreclosed. The defendant's bill of exceptions to this decree was allowed by *Marble*, J., at the May term, 1918, of the superior court.

*Snow, Snow & Cooper*, for Rollins and Abbott.

*Sewall W. Abbott*, for Agnes Gilman, Leslie W. and Abbie Sanborn.

*William Wright* and *Henry D. Yeaton* for the defendant.

YOUNG, J. Whether the judgment should be conditional or absolute is a question of fact, not law; that is, it depends on the facts of this case. The question, therefore, raised by the defendant's exception is whether there is any evidence to warrant the court's finding that justice requires the decree be absolute. The defendant disclaimed any intention of redeeming the property, so instead of there being no evidence to sustain the court's finding, that is the only conclusion of which the evidence is fairly capable.

*Exception overruled.*

All concurred.